Submitted on record and appellant's brief November 26, 1980,
reversed and remanded for trial January 5, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# EDWARD LEROY JOHNSON,
*Respondent.*

## (No. B57-257, CA 18621)

621 P2d 677

J. Pat Horton, District Attorney, and Alexander A. Wold, Jr., Assistant District Attorney, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Defendant was charged with the unclassified misdemeanor (ORS 527.990(1))[1] of unlawful harvesting of timber in that he "* * * did unlawfully and with criminal negligence cross a stream with a tractor and wheel skidder, without providing temporary structures for crossings while conducting forest harvesting operations," in violation of OAR 629-24-541(3)(a)(E), promulgated under ORS 527.710.[2] Defendant demurred to the complaint on the grounds that (1) the regulation was unconstitutionally vague and (2) the complaint failed to allege that defendant's conduct related to a Class I stream — a material element of the offense.

The trial court sustained the demurrer solely on the ground of vagueness.[3] The state appeals. We reverse.

OAR 629-24-541(3)(a)(E) provides:

"Obtain prior approval of the State Forester before tractor skidding in or through any Class I stream. When

---

[1] ORS 527.990(1) provides:

"Violation of ORS 527.670 or any rule promulgated under ORS 527.710 is punishable, upon conviction, as a misdemeanor. Each day of operation in violation of an order issued under subsection (3) of ORS 527.680 shall be deemed to be a separate offense."

[2] ORS 527.710 provides:

"The board, in carrying out the purpose of ORS 527.610 to 527.730 and subsection (1) of 527.990:

"(1) Where necessary to accomplish the purpose specified in ORS 527.630, shall promulgate, in accordance with applicable provisions of ORS 183.310 to 183.500, rules to be administered by the State Forester establishing minimum standards for forest practices in each region or subregion, relating to the following:

"* * * * *

"(c) Harvesting of forest tree species;

"* * * * *"

[3] The trial court found the regulation to be unconstitutionally vague because it believed another regulation, OAR 629-24-446, overlapped with the subject regulation creating inconsistency and confusion. It was not made clear to the trial court, however, that OAR 629-24-446 applies only to the "Eastern Oregon Region," while the regulation under which defendant was charged applies to the "Northwestern Oregon Region," in which defendant was operating. The breakdown of the state into regions and the promulgation of regionally specific regulations by the Forestry Board is required by ORS 527.640 and 527.710.

streams must be crossed, provide temporary structures for crossings. Remove all temporary crossings prior to the rainy season and immediately after use and where applicable, water bar road ends."

■ A criminal statute or regulation is unconstitutionally vague when it is not sufficiently definite to inform those who are subject to it what conduct on their part will render them liable to its sanctions. *State v. Tucker,* 28 Or App 29, 32, 558 P2d 1244, *rev den* 277 Or 491 (1977). In *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969), the court said:

"In addition to its due-process function of putting persons on notice of the law's demands, reasonable certainty serves a second purpose: adjudication. A law that permits the judge and jury to punish or withhold punishment in their uncontrolled discretion is defective as much for its uncertainty of adjudication as for its failure to notify potential defendants of its scope and reach." 254 Or at 27.

■ The regulations here informed defendant that he must build a temporary structure when it was necessary for him to cross a stream when yarding timber. He is charged with not having done so. Other regulations contain guidelines for the construction of such crossings. *See* OAR 629-24-523(5).[4] We conclude that the regulations are sufficiently definite to withstand constitutional challenge.

■ Defendant's other ground for demurrer requires that we construe the regulation to be applicable only to Class I streams. *See* OAR 629-24-101(2), (3).[5] A reading of

---

[4] OAR 629-24-523(5) provides:

"Stream crossings shall be constructed to result in minimum disturbance to banks and existing channels. Temporary crossing structures shall be removed promptly after use, and where applicable, approaches to the crossings shall be water barred."

[5] OAR 629-24-101(2) and (3) provides:

"(2) 'Class I streams' means waters which are valuable for domestic use, are important for angling or other recreation, and/or used by significant numbers of fish for spawning, rearing, or migration routes. Stream flows may be either perennial or intermittent during parts of the year.

"(3) 'Class II streams' means any headwater streams or minor drainages that generally have limited or no direct value for angling or other recreation. They are used by only a few, if any, fish for spawning or rearing. Their principal value lies in their influence on water quality or quantity downstream in Class I waters. Stream flow may be either perennial or intermittent."

the entire regulation (OAR 629-24-541), however, makes it clear that only the first sentence of subsection 3(a)(E) applies to Class I streams, and the remaining language applies to all streams regardless of their class. Accordingly, it was not necessary for the complaint to allege that defendant's conduct related to a Class I stream.

Reversed and remanded for trial.